

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2003

# USA v. Massey

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Massey" (2003). *2003 Decisions.* Paper 210.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/210

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4459

UNITED STATES OF AMERICA

v.

DELBERT MASSEY,
a/k/a BURT

Delbert Massey,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 97-cr-00539-2
District Judge:  The Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2003

Before: BARRY, BECKER, and GREENBERG, <u>Circuit Judges</u>

(Opinion Filed: October 8, 2003 )

OPINION

BARRY, Circuit Judge

On September 30, 1997, a thirty-one count indictment was returned against appellant Delbert Massey ("Massey") and the "Massey Organization," a sophisticated drug trafficking ring operating in and around Philadelphia, Pennsylvania. Massey was convicted after trial of one count of conspiracy to distribute cocaine and marijuana, four counts of unlawful use of a communication facility, one count of possession of cocaine with intent to distribute, one count of possession of marijuana with intent to distribute, and one count of being a felon in possession of a firearm. The jury also made the findings necessary for the forfeiture of property used in or received as proceeds of Massey's offenses.

A sentencing hearing was held at which the District Court found by a preponderance of the evidence that Massey was criminally responsible for 10 kilograms of cocaine and for between 31.25 and 63.5 kilograms of marijuana. After applying enhancements for distributing drugs within 1,000 feet of a school and for possessing a dangerous weapon in connection with a drug offense, the District Court arrived at an adjusted offense level of 36. As Massey's criminal history category was IV, the resultant guideline range was 262 to 327 months in prison. The District Court sentenced him to serve 327 months imprisonment, to be followed by eight years of supervised release, and to pay a special assessment of $400.

Massey appealed, raising a number of arguments all but one of which we rejected

without discussion. In a footnote, we held that Massey was not entitled to relief under Apprendi v. New Jersey, 530 U.S. 466 (2000), which was decided after oral argument but before we ruled, because "Massey's sentence was not 'beyond the prescribed statutory maximum.'" United States v. Massey, No. 98-1934, at 4 n.1 (3d Cir. July 25, 2000) (unpub. mem. op.).

Massey's sentence, however, was vacated and the matter remanded, with the District Court instructed to resentence him in accordance with the opinion in a related case, United States v. Watterson, 219 F.3d 232, 239 (3d Cir. 2002)(holding that it was error to subject the defendant to a two-level enhancement under U.S.S.G. § 2D1.2, which addresses, inter alia, drug trafficking near a protected location, when the defendant was neither convicted of, nor stipulated to, a violation of 21 U.S.C. § 860, which penalizes drug offenses committed near schools). Massey's petition for rehearing en banc was denied as was his petition for a writ of certiorari.

On remand, the District Court determined that Massey was criminally responsible for between 5 and 10 kilograms of cocaine and between 31.25 and 63.5 kilograms of marijuana and arrived at an adjusted offense level of 34 (having subtracted the two-point enhancement for distributing drugs near a school pursuant to the mandate). This resulted in a guideline range of 210-262 months imprisonment. The Court sentenced Massey to 262 months.

The District Court did not address Massey's contention that our limited mandate

was superceded by intervening changes in controlling law, except to state that it believed that the sentence it imposed was consistent with the mandate. The Court did, however, make explicit the structure of the sentence in order to clarify that it comported with Apprendi. The Court sentenced Massey to sixty months on the conspiracy count, sixty months on each of the two convictions for possession with intent to distribute, twelve months on each of the four communication counts, and thirty-four months on the firearms conviction, for a total of 262 months. The Court noted on the Judgment that if this breakdown was determined to be inappropriate, it was the Court's intention that Massey serve a sentence of 262 months pursuant to the Sentencing Guidelines.

Massey now appeals from his resentencing. He argues that the District Court erred when it failed to declare 21 U.S.C. § 841(b)(1)(B) unconstitutional because this Court's pre-Apprendi caselaw established that Congress intended drug type and amount to be judicially-determined sentencing factors, which is unconstitutional under Apprendi given that drug type and amount have the potential to increase the offense's maximum sentence. He also argues that the District Court erred at resentencing by structuring his sentence to comport with Apprendi, which our mandate did not direct it to do, and by applying a preponderance of the evidence standard to its drug type and quantity determinations. Finally, he argues that two consecutive sentences of 60 months each for a single act of constructive possession of two drug types violates double jeopardy. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. §

4

1291 and will affirm.

Massey acknowledges that our decision on direct appeal "reflects an intent to preclude further litigation of his statutory and constitutional claims." He contends, nonetheless, that he can raise those claims because our determination that his initial 27-year, 3-month long sentence was not beyond the prescribed statutory maximum is inconsistent with United States v. Vazquez, 271 F.3d 93 (3d Cir. 2001)(*en banc*) and with Ring v. Arizona, 536 U.S. 584 (2002). Massey claims that Vazquez and Ring changed the law, invalidating our conclusion that his sentence did not run afoul of Apprendi and converting our limited remand into a general remand.

The defendant in Vazquez was convicted of conspiracy to possess and to distribute an indeterminate amount of cocaine; the jury was not asked to determine the amount of cocaine for which he was criminally responsible. He was also convicted of obstruction of justice. With the amount of cocaine undetermined, the statutory maximum sentence for the cocaine conspiracy count was 20 years. See 21 U.S.C. § 841(b)(1)(C). The District Court, however, sentenced Vazquez to in excess of 24 years on that count based on its finding that he was criminally responsible for nearly two kilograms of cocaine.[1] We held that this sentence violated Apprendi because it exceeded the statutory maximum for conspiracy to distribute an indeterminate amount of cocaine, which was the crime of

---

[1]Vazquez also was sentenced to a concurrent sentence of 120 months on the obstruction of justice count.

5

conviction.  Vazquez, 271 F.3d at 98-99.

In Ring, the Supreme Court invalidated a statutory scheme which allowed a sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty.  In doing so, the Court rejected the State of Arizona's argument that because the defendant "was convicted of first-degree murder, for which Arizona law specifies 'death or life imprisonment' as the only sentencing options," he was "therefore sentenced within the range of punishment authorized by the jury verdict." Ring, 536 U.S. at 603-604.   The Supreme Court found that the Arizona first-degree murder statute authorized a maximum penalty of death only in a formal sense, because it explicitly cross-referenced a statutory provision requiring a judicial finding of an aggravating circumstance before the death penalty could be imposed.  Id. at 604.

Massey's argument that Vazquez and Ring reveal the illegality of his sentence starts with the assumption that when the District Court initially sentenced him to serve 327 months, it was sentencing him to 327 months on the conspiracy count alone.  The basis for this assumption is that the maximum statutory penalty for the conspiracy conviction,  in conjunction with the District Court's findings of fact regarding the quantity of drugs involved, was in excess of the 27-year, 3-month long sentence imposed. See 21 U.S.C. § 841(b)(1)(A)(in case of a violation involving more than 5 kilograms of cocaine, the maximum statutory penalty is life) and 21 U.S.C. § 841(b)(1)(B)(in case of a violation involving more than 500 grams of cocaine, the maximum statutory penalty is 40

6

years).  Because, the argument goes, the jury found Massey guilty of "conspiracy to distribute a controlled substance, namely, cocaine or marijuana," a crime which, without more, is subject to a maximum statutory penalty of five years, to the extent that his 327-month long sentence was on the conspiracy count alone, it was illegal under Apprendi.

Massey's next assumes that we concluded that the District Court sentenced him to serve 327 months on the conspiracy count alone.  He argues from this that the fairest reading of our one-sentence holding is that it was based on an implicit determination that Congress prescribed a maximum penalty of life in prison for the drug offenses proscribed by 21 U.S.C. § 841(a).  The drug amounts and corresponding maxima in 21 U.S.C. § 841(b) would then be mere sentencing factors, permissibly determinable by judges.  See United States v. Promise, 255 F.3d 150, 179 (4th Cir. 2001)(Luttig, J., concurring).  As Massey points out, we implicitly rejected this construction of 21 U.S.C. § 841 in Vazquez and it clearly runs afoul of the Supreme Court's subsequent decision in Ring.

The most glaring difficulty with Massey's arguments is that they are founded on assumptions without support in the record.  The District Court did not initially sentence him to 327 months imprisonment for conspiring to distribute cocaine or marijuana. Rather, it sentenced him to 327 months without differentiating among the eight counts of conviction.  Massey faced a maximum statutory penalty on the conspiracy count of five

7

years, based solely on the facts found by the jury.[2] He also faced maximum penalties of five years on the substantive marijuana count, twenty years on the substantive cocaine count, four years on each of the four communication counts, and ten years on the firearm count, for a total maximum penalty of 56 years. While the defendant in Vazquez received a sentence on one drug-related conspiracy count in excess of the statutory maximum for that count, the District Court in this case imposed a general sentence on eight counts, including the three drug-related counts, that was within the total maximum penalty for all eight. There is no evidence that the Court intended to sentence Massey on the conspiracy count alone.

Similarly, in the first appeal we rejected Massey's Apprendi challenge on the ground that his "sentence was not 'beyond the prescribed statutory maximum.'" Our decision contained no hint that it hinged on a determination that the maximum sentence for a violation of Section 841(a) is life in prison. Indeed, it could as easily have been based on the conclusion that the District Court sentenced Massey pursuant to Section 5G1.2(d) of the Sentencing Guidelines, which provides that when the statutory maximum sentence on the count of conviction with the highest maximum is inadequate to achieve the sentence prescribed by the Guidelines, "the sentence imposed on one or more of the

_____

[2] Massey claims that the maximum sentence for the conspiracy count was one year, because that is the maximum for conspiring to distribute "a small amount of marijuana for no remuneration[.]" See 21 U.S.C. § 841(b)(4). We reject this argument because he has conceded, on more than one occasion over the course of this litigation, that a five-year maximum was appropriate.

8

other counts shall run consecutively . . . to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d).

We conclude that the District Court did not err when, on remand, it declined to revisit all of the arguments raised by Massey at his first sentencing and on his first appeal. Moreover, the Court did not err in breaking out its sentence by count, thereby clarifying both that it was imposing consecutive sentences and, concomitantly, that the sentence as a whole comported with the state of the law at the time of resentencing.[3]

Finally, Massey argues that the District Court erred on resentencing by not employing a clear and convincing evidence standard in determining the drug amounts for which he was criminally responsible. In the absence of an extreme departure from the Guidelines, where the sentencing hearing can be said to have become the "tail that wags the dog" of the substantive offense, the standard of proof required at sentencing is preponderance of the evidence. See United States v. Paulino, 996 F.2d 1541, 1545 n.4 (3d Cir. 1993)(citing United States v. Kikumura, 918 F.2d 1084 (3d Cir.1990)). Nothing in Apprendi changes this.[4]

---

[3] Massey contends that the District Court erred in its application of Section 5G1.2(d) because the sentences should have been imposed so as to exhaust the statutory authority for punishment on the count with the highest maximum, which was the substantive cocaine count, before the sentence on the next count was ordered to run consecutively. Assuming that he is correct, he fails to explain why this error prejudiced him; indeed, at resentencing, his counsel characterized the objection as "technical," and conceded that "it's not going to change the result any[.]"

[4] We decline to address two other arguments that Massey also raised on direct appeal,

(continued...)

9

The Judgment of the District Court will be affirmed.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


/s/ Maryanne Trump Barry
Circuit Judge

---

[4](...continued)
namely that 21 U.S.C. § 841 is unconstitutional and that consecutive sentences for a
single act of constructive possession of two drug types violates double jeopardy.